JOHN STEVENSON *v.* WILLIAM T. EDWARDS ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE NO. 119024
AT BRIDGEPORT

Memorandum filed October 9, 1963

*Hugh A. Hoyt,* of Bridgeport, for the plaintiff.

*Mellitz, Krentzman & Hall,* of Bridgeport, for defendant Stephen B. Kochiss d.b.a. Success Restaurant.

*Lyster & Oburchay,* of Bridgeport, for defendant Elsie Mae Edwards.

*Leonard A. Schine,* of Bridgeport, for defendants William T. Edwards, Elsie Mae Edwards and Elsie Irene Evans.

DUBE, J. The defendant Stephen B. Kochiss, doing business as the Success Restaurant, demurs to the second count of the complaint on the ground that the plaintiff has failed to give timely written notice to the defendant of the occurrence alleged in said second count of the complaint.

Paragraph 11 sets forth that the plaintiff gave the required statutory written notice to the defendant "within 90 days of the occurrence of the injuries." Section 30-102 of the General Statutes, as amended by Public Acts 1961, No. 432, provides that the action can only be maintained if the "aggrieved person" has given written notice within sixty days

of the occurrence. The notice annexed to the complaint shows, as a matter of record, that it was not given within sixty days of the occurrence, and therefore the plaintiff has no standing to maintain this action under § 30-102.

The plaintiff concedes that the notice was not given within sixty days, but rather within ninety days, but contends that the failure of said notice does not, in and of itself, deprive the plaintiff of his right to maintain said action. In other words, the plaintiff in essence contends that the notice is not a condition precedent to the bringing of the action but is a limitation creating a condition subsequent and therefore a defense predicated upon it need not be anticipated and negatived by the plaintiff and may properly be left to be pleaded by the defendant. *Bulkley* v. *Norwich & W. Ry. Co.,* 81 Conn. 284, 287; *Hendsey* v. *Southern New England Telephone Co.,* 128 Conn. 132, 135; *Hunt* v. *Housing Authority,* 21 Conn. Sup. 65; *Harris* v. *Housing Authority,* 21 Conn. Sup. 132, 133.

The legislature has imposed a burden upon a seller of any alcoholic liquor which did not exist at common law. The right to maintain this type of action is granted by statute only, and that right, thus created, is limited by the express terms and conditions of the statute itself and cannot be extended by this court. See *Crocker* v. *Hartford,* 66 Conn. 387, 390. The notice required by the statute is one notifying the seller of the intention of the aggrieved person or persons to bring an action under this section. This is a condition precedent, and the plaintiff has not complied. *Crocker* v. *Hartford,* supra. It may be stated as a general rule, where notice is stated in a statute, that said notice is a condition precedent in those actions created by statute which did not exist at common law and a condition subsequent where a right of action at

common law is limited by statute. *Bulkley* v. *Norwich & W. Ry. Co.*, supra; *Forbes* v. *Suffield,* 81 Conn. 274, 275, 276; *Crocker* v. *Hartford,* supra.

Demurrer sustained as to the second count.