[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant moves for summary judgment as to Count I of plaintiff's complaint on the ground that General Statutes52-593a does not apply to the notice requirement under the Dram Shop Act, General Statutes 30-102. CT Page 8946
The plaintiff filed this action on June 24, 1992. The complaint alleges that on June 29, 1991, the plaintiff, Gregory Ryan, while a patron of the Beckley Garden Inn, sustained personal injuries as a result of an altercation with the defendant Thomas Trimm. Count I of the plaintiff's amended complaint alleges an action under General Statutes 30-102 (hereinafter "Dram Shop Act") against the defendants John W. Curtis, backer and permittee of Beckley's Garden Inn, and the Beckley Garden Inn Company, d/b/a Beckley's Garden Inn. Count II alleges a claim for personal injuries against the defendant Thomas Trimm. Count III alleges a claim for personal injuries against the defendants John W. Curtis and the Beckley Garden Inn Company.
The plaintiff's written notice to the defendants of intention to bring suit under the Dram Shop Act was dated and delivered to the sheriff on August 28, 1991, sixty days after the occurrence of the plaintiff's alleged injuries on June 29, 1991. The written notice was delivered to the defendants, John W. Curtis and the Beckley Garden Inn Company, on August 29, 1991, sixty-one days after such occurrence.
Pursuant to Practice Book 379 et seq., the defendants, John W. Curtis and the Beckley Garden Inn Company, filed a motion for summary judgment on June 10, 1993, as to Count I. The defendants claim that, as a matter of law, the plaintiff is barred from bringing a cause of action against the defendants based on the Dram Shop Act. On August 13, 1993, the plaintiff filed an objection to the defendants' motion for summary judgment on the grounds that General Statutes 52-593a protects the plaintiff's cause of action from being time barred for failure to give the requisite notice pursuant to the Dram Shop Act.
"Practice Book 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 952 (1991), quoting Zichichi v. Middlesex Memorial Hospital,204 Conn. 399, 402, 528 A.2d 805 (1987). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772,781, 595 A.2d 334 (1991). "Although the party seeking summary judgment has the burden of showing the nonexistence CT Page 8947 of any material fact, a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Id.
In support of the motion for summary judgment, the defendants filed a memorandum of law, plaintiff's response to interrogatory #40, and the notice of claim received by the defendants. In its memorandum of law in support of its motion for summary judgment, the defendants move for summary judgment on Count I of plaintiff's complaint which alleges liability pursuant to General Statutes 30-102. The defendants argue that the plaintiff has failed to give notice within the sixty day time limit as required under the Dram Shop Act and thus the defendants are entitled to judgment as a matter of law.
The Dram Shop Act allows a cause of action against any person who sells alcohol to an intoxicated purchaser who thereafter injures another person or persons in consequence of such intoxication. General Statutes 30-102. The superior court has noted that "[t]he right to maintain this type of action is granted by statute only, and that right, thus created, is limited by the express terms and conditions of the statute itself and cannot be extended by this court." Stevenson v. Edwards, 25 Conn. Sup. 1, 2,195 A.2d 252 (1963). The Connecticut Supreme Court has not addressed the sixty-day notice provision of the Dram Shop Act, however, the superior court has characterized the notice provision as a condition precedent to this cause of action. Id.
The notice requirements of the Dram Shop Act provide in relevant part that "the aggrieved person or persons shall give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section." General Statutes 30-102. With respect to computing the time limitation, the Act provides that "the time between the death or incapacity of any aggrieved person and the appointment of an executor, administrator, conservator or guardian of his estate shall be excluded, except that the time so excluded shall not exceed one hundred twenty days." Id. The plaintiff in the present action did not plead facts in which to bring himself into the time exclusion provided for under the Dram Shop Act. In the present case, the alleged injury occurred on June 29, 1991. The defendants received the written notice of intention to bring suit on August 29, 1991, sixty-one days after such occurrence. Thus, the plaintiff has failed to satisfy a condition CT Page 8948 precedent to bringing his cause of action under the Dram Shop Act.
The plaintiff argues that the Dram Shop Act falls within the protection of General Statutes 52-593a which saves a plaintiff's action from being barred by a statutory time limitation. General Statutes 52-593a expressly provides that "a cause or right of action shall not be lost because of the passage of the time limited by law within which the action may be brought, if the process to be served is personally delivered to an officer authorized to serve the process or is personally delivered to the office of any sheriff within the time limited by law, and the process is served, as provided by law, within fifteen days of the delivery." General Statutes 52-593a.
General Statutes 52-593a does not save the plaintiff's action. The language of 52-593a expressly refers to saving a plaintiff's "cause of action" notwithstanding the passage of time within which the action may be brought. This statute does not affect the time within which statutory notice must be given. The statute of limitations period for actions brought under the Dram Shop Act is expressed directly in 30-102 as one year. In Connecticut, an action is commenced on the date of service of the writ upon the defendant. Valley Cablevision, Inc. v. Public Utilities Commission,175 Conn. 30, 33, 392 A.2d 485 (1978). Thus, General Statutes 52-593a "becomes operative only where the process has been delivered before the running of the statute of limitations." Zarillo v. Peck, 33 Conn. Sup. 676, 678, 366 A.2d 1165
(1977).
The plaintiff, in his memorandum of law in opposition to defendant's motion for summary judgment, concedes that 593a speaks to the passage of time relevant to service of process, but argues that notice, also, should be included within the protection of the statute. Plaintiff argues further that the Act, being "remedial" in nature, should be construed liberally to allow a plaintiff to satisfy the notice requirement with substantial compliance, provided that the defendant was neither hampered nor misled by the inadequacy. The purpose of the notice provision of the Dram Shop Act is to enable prospective defendants to gather evidence while the events are still fresh. Kirby v. Rusty Nail Care of Bristol, 40 Conn. Sup. 331, 332, 499 A.2d 85 (1985). Plaintiff argues that this purpose is not subserved by a one day delay beyond the statutory maximum to give the requisite notice. CT Page 8949
The courts have construed the content requirements of written notice liberally where, despite some inadequacy or insufficiency of otherwise timely notice, the defendant was "apprised of the inception of [the] action." Allen v. Waterfront Cafe Inc.,4 CSCR 351, 352 (Citations omitted.) (March 28, 1989, Kulawiz, J.). In the present case, the plaintiff has failed entirely to give notice to the defendant within the statutory sixty-day limitation. The failure to give the defendant any notification of intention to sue, unlike inadequate notification, is not liberally construed by the courts.
The Dram Shop Act provides for damages only if the aggrieves person or persons give written notice to such seller within sixty days of the occurrence of such injury to person or property of his or their intention to bring an action under this section. General Statutes 30-102. The general rule in Connecticut is that where a "specific time limitation is contained within a statute that creates a right of action that did not exist at common law, then the remedy exists only during the prescribed period." Ecker v. West Hartford, 205 Conn. 219, 232, 530 A.2d 1056 (1987). "In such cases, the time limitation is not to be treated as an ordinary statute of limitation but rather is a limitation on the liability itself, and not of the remedy alone." Id. This limitation on liability itself has been applied equally, in situations in which "the remedy comes into existence only when the condition precedent imposed by the statute creating it has been complied with" Hillier v. East Hartford, 167 Conn. 100, 107, 355 A.2d 1 (1974).
With respect to the Dram Shop Act, the superior court has found that noncompliance with the statutory notice requirement of the Act involves the subject matter jurisdiction of the court which cannot be waived. O'Neill v. Hendel, 2 Conn. L. Rptr. 97
(1990, Hennessey, J.). If the act applies, the defendants are entitled to judgment as a matter of law. Howe v. Stuart Amusement Corp., 5 Conn. L. Rptr. 354 (1991, Hennessey, J.). In the present case, there is no question of fact as to whether the notice was delivered to the defendants within sixty days after the occurrence of the injury. Based upon the plaintiff's failure to provide defendant with the required written notice pursuant to the Dram Shop Act, defendants' motion for summary judgment is granted.
Hennessey, J. CT Page 8950