# IN THE COURT OF APPEALS OF IOWA

No. 17-1960
Filed February 6, 2019

**BRETT WEICHERS,**
        Plaintiff-Appellee,

**vs.**

**BOURBON STREET BAR & GRILL, INC., d/b/a BOURBON STREET BAR & GRILL AND VOODOO LOUNGE, and D-SQUARED, LLC, d/b/a WHISKEY ROAD,**
        Defendants,

**and**

**MONKEY, INC., d/b/a TONY'S LA PIZZERIA,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.


        Monkey, Inc., d/b/a Tony's La Pizzeria, appeals the district court's denial of its motion for summary judgment.  **REVERSED AND REMANDED.**


        Rene Charles Lapierre of Klass Law Firm, L.L.P., Sioux City, for appellant.

        Eashaan Vajpeyi of Ball, Kirk & Holm, PC, Waterloo, for appellee.


        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Two men consumed alcohol at several bars. They were arrested for assaulting a third man, Brett Weichers. Weichers filed a dram shop action against three bars, including Monkey, Inc., d/b/a Tony's La Pizzeria ("Tony's"). He alleged Tony's "sold and/or served beer, wine, alcoholic beverages, and/or intoxicating liquor" to the two men who assaulted him, "knowing they were intoxicated or would become intoxicated." He sought damages for injuries arising from the assault.

Tony's moved for summary judgment based on Weichers' failure to comply with a statutory provision requiring injured persons to notify licensees "[w]ithin six months of the occurrence of an injury" of their intent to file a dram shop action. *See* Iowa Code § 123.93 (2015). The district court denied the motion after finding "the plaintiff's efforts regarding compliance with the notice requirement [were] sufficient to satisfy the statute."

On appeal, Tony's contends Iowa Code section 123.93 requires notice within six months of the injury, Weichers failed to provide notice within that time frame, the establishment was prejudiced by the absence of notice, and accordingly, the district court erred in failing to dismiss the dram shop action. Tony's further contends the district court erred in finding a genuine issue of material fact as to whether Weichers exercised reasonable diligence in discovering its involvement. Weichers counters that section 123.93 authorizes an extension of the six-month deadline if the injured person is "unable, through reasonable diligence, to discover the name of the licensee, permittee, or person causing the injury." Iowa Code § 123.93. In his view, there is a genuine issue of material fact on this question. *See* Iowa R. Civ. P. 1.981(3) (stating summary judgment is

appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law").

Section "123.93 must be accepted as a special statutory limitation qualifying a given right, not as a pure statute of limitations." *Arnold v. Lang*, 259 N.W.2d 749, 751 (Iowa 1977). It is an "inherent element" of the statutory dram shop cause of action. *Id.* at 752. "However, substantial compliance with the notice provisions . . . will suffice." *Id.* (applying the rationale applicable to another statutory notice provision).

Here, there was no compliance with the notice provision. It is undisputed the incident occurred at Tony's on March 1, 2015. Weichers did not provide Tony's with the statutory notice until January 14, 2017. *Id.* at 753 (noting the plaintiff's petition "affirmatively alleges facts disclosing as a matter of law his total failure to substantially comply with the statutory notice requirement"). The claim was barred, and Tony's was entitled to summary judgment.

Because it is undisputed that Weichers knew the name of the bar where the assault occurred, our opinion could end here. Nonetheless, we will briefly address the "reasonable diligence" basis for extending the deadline.

"An extension by reason of inability to learn of the prospective dram shop defendant terminates when the prospective plaintiff has had a reasonable time to discover the dram shop operator." *Shasteen v. Sojka*, 260 N.W.2d 48, 51 (Iowa 1977). Weichers concedes that, on March 2, 2015, his family informed police the assault occurred at Tony's. Weichers also does not dispute telling a police officer

less than three weeks later that he was assaulted at Tony's. Although he contends he did not learn what type of alcohol the two men purchased until well after the statutory six-month deadline, the establishment's name is the only fact referenced in the "reasonable diligence" ground for extending the deadline. *See* Iowa Code § 123.93; *Veach v. Prairie Meadows Racetrack & Casino, Inc.*, No. 06-0366, 2006 WL 3801735, at *3 (Iowa Ct. App. Dec. 28, 2006) (stating "before the six-month period was completed . . . [the plaintiff] had enough information [that the defendant was drinking at Prairie Meadows] to file the dram shop notice"); *cf. Shasteen*, 260 N.W.2d at 52 (finding reasonable minds could differ on whether the plaintiff exercised reasonable diligence to determine whether the defendant was drinking in a tavern, where "nothing in the circumstances surrounding the accident itself" indicated the defendant "had been drinking in a tavern" and an accident report "contained no indication that [the defendant] had been drinking in a tavern"). We conclude as a matter of law that the "reasonable diligence" basis for extending the statutory deadline was inapplicable.

We reverse and remand for entry of summary judgment in favor of Tony's.

**REVERSED AND REMANDED.**

Mullins, J., concurs; Doyle, J., dissents.

**DOYLE, Judge** (dissenting)

I respectfully dissent. I would affirm the district court's order denying the motion for summary judgment.

Before I begin, I note the following. Tony's answers to interrogatories and portions of transcripts of the depositions of Brett Weichers and Brady Morgan are included in the parties' appendix. This is an interlocutory appeal from a summary judgment ruling. There is nothing in the record to indicate these items were before the district court. These items were not attached to any of the parties' summary judgment filings. The summary judgment hearing was unreported. Facts not presented to the trial court and not made a part of the record presented to this court will not be considered by this court on review. *See State v. Weiland,* 202 N.W.2d 67, 69 (Iowa 1972) (noting appellate courts cannot consider facts that are outside of the record); *Rasmussen v. Yentes*, 522 N.W.2d 844, 846 (Iowa Ct. App. 1994) (citing *Kliege v. Iowa Emp't Sec. Comm'n*, 206 N.W.2d 123, 126 (Iowa 1973)); *In re Marriage of Keith*, 513 N.W.2d 769, 771 (Iowa Ct. App. 1994) ("We are limited to the record before us and any matters outside the record on appeal are disregarded."). The record on appeal is comprised of the original documents and exhibits filed in the district court, and the transcript. Iowa R. App. P. 6.801.

Like many states, Iowa has adopted a dram shop act. *Grovijohn v. Virjon, Inc.,* 643 N.W.2d 200, 202 (Iowa 2002). "These statutes are designed to give parties injured by an intoxicated person a right of action against the persons who sold and served the intoxicating liquors." *Id.* (citations omitted). It has been often noted that "dram shop statutes should be liberally construed in order to further their purpose of discouraging serving excessive liquor to patrons." *Shasteen v. Sojka*,

260 N.W.2d 48, 50 (Iowa 1977) (citing *Rigby v. Eastman*, 217 N.W.2d 604, 608

(Iowa 1974)). Iowa's dram shop statute provides, in relevant part:

> Any person who is injured . . . by an intoxicated person or resulting
> from the intoxication of a person, has a right of action for all damages
> actually sustained, severally or jointly, against any licensee or
> permittee . . . who sold and served any beer, wine, or intoxicating
> liquor to the intoxicated person when the licensee or permittee knew
> or should have known the person was intoxicated, or who sold to and
> served the person to a point where the licensee or permittee knew or
> should have known the person would become intoxicated. If the
> injury was caused by an intoxicated person, a permittee or licensee
> may establish as an affirmative defense that the intoxication did not
> contribute to the injurious action of the person.

Iowa Code § 123.92(3) (2015). The statute is designed to "place a hand of

restraint" on those authorized to sell and serve intoxicating liquors. *Smith v.*

*Shagnasty's, Inc.,* 688 N.W.2d 67, 72 (Iowa 2004) (citations omitted).

The first step in making a dram shop claim requires the injured party to notify

the dram shop or its insurance carrier of his or her intent to sue under the dram

shop statute. *Grovijohn*, 643 N.W.2d at 202. The notice provision provides:

> Within six months of the occurrence of an injury, the injured person
> shall give written notice to the licensee or permittee or such
> licensee's or permittee's insurance carrier of the person's intention
> to bring an action under this section, indicating the time, place and
> circumstances causing the injury.

Iowa Code § 123.93. It is undisputed that Weichers did not give Tony's notice of

his intent to bring a dram shop action within six months of his injury. Weichers

relies on a statutory extension provision in order to sidestep the six-month time

requirement for the notice. The extension provision provides:

> Such six months' period shall be extended if the injured party is
> incapacitated at the expiration thereof or unable, through reasonable
> diligence, to discover the name of the licensee, permittee, or person
> causing the injury or until such time as such incapacity is removed or

such person has had a reasonable time to discover the name of the licensee, permittee or person causing the injury.

*Id.* So, there are "three alternative grounds for an extension of the six month period: (1) incapacity of the prospective dram shop suit plaintiff, (2) inability, through reasonable diligence, to find out who is the prospective dram shop defendant, and (3) inability, through reasonable diligence, to find out who is the person causing the injury." *Shasteen*, 260 N.W.2d at 51. Weichers asserts the second alternative. In regard to that alternative, "[a]n extension by reason of inability to learn of the prospective dram shop defendant terminates when the prospective plaintiff has had a reasonable time to discover the dram shop operator." *Id.*

On March 1, 2015, Weichers had a confrontation with Brady Morgan and Alonzo Henderson inside Tony's. Tony's personnel then asked Morgan and Henderson to leave the premises, and they did. When he left the pizzeria shortly thereafter, Weichers was assaulted and severely injured by Morgan and Henderson near Tony's. Because it is undisputed that Weichers knew the name of Tony's, a potential dram shop defendant, well within the six-month notice deadline, it would appear—at least at first blush—that the exception to the notice requirement does not apply, and Weichers's suit against Tony's would properly be subject to summary dismissal. But wait, there's more. As reasoned below, mere knowledge of the potential dram shop's name does not preclude application of the second alternative for extending the six-month notice period.

In order for dram shop liability to attach, the dram shop must have sold and served the beer, wine, or intoxicating liquor to the intoxicated person. Iowa Code

§ 123.92. Without such evidence, there is no dram shop claim. It naturally follows that a dram shop plaintiff should have some evidence, or at least a reasonably grounded belief, that the intoxicated tortfeasor was sold and served by the potential dram shop defendant before being required to give the dram shop notice; for once notice is given, the dram shop's defense team must spring into action— undoubtedly at some cost to the dram shop. I do not believe it was the legislature's intent to require dram shop plaintiffs to "shotgun serve" every possible dram shop that could or might have served the intoxicated tortfeasor alcohol.

Although Weichers knew the name of the dram shop within the six-month period after the assault, he contends he exercised reasonable diligence but was unable to ascertain in a timely manner whether Morgan or Henderson had purchased alcohol at Tony's. In this regard, the summary judgment record reveals the following. Weichers claimed he did not observe Morgan or Henderson being sold, served, or consuming alcoholic beverages at Tony's. None of the investigative material available to him gave any indication his assailants were sold, served, or consumed alcoholic beverages at Tony's. A bouncer from Tony's told police he did not know who the assailants were "and didn't think they purchased anything." When questioned by police, Morgan was not cooperative. Police reports indicate Morgan first denied being at Tony's the night of the incident and then said he didn't remember. Henderson was similarly uncooperative with the police investigation. By September 1, 2015, Weichers served notices upon other dram shops of his intent to bring a dram shop action resulting from the March 1, 2015 assault. In December 2015, Weichers filed his personal injury suit against Morgan and Henderson. Discovery from Morgan and Henderson was not

forthcoming, but by October 2016, Weichers obtained Morgan's bank statements that indicated Morgan had made a purchase at Tony's on March 1, 2015, the date of the assault. The bank record makes no indication of whether the purchase was for food or drink. Eventually thereafter, although it is not clear from the record when, Weichers learned Morgan was willing to sign an affidavit admitting he had been sold and served alcohol by Tony's on the date of the assault. Weicher contends it was not until this time that he could reasonably believe Tony's had sold or served Morgan or Henderson intoxicating beverages. Weichers served his dram shop notice on Tony's on January 13, 2017. Morgan executed his affidavit on February 8, 2017. Weichers filed his dram shop action against Tony's and other dram shop defendants on February 24, 2017.

Although Weichers knew the name of Tony's well within the six-month period to serve a dram shop notice, I believe that fact alone does not justify summary dismissal of his suit against Tony's. Until Weichers's attorney discovered Morgan's bank records and learned Morgan was willing to sign an affidavit admitting he had been sold and served alcohol at Tony's the night of the incident, there is nothing in the summary judgment record indicating Morgan or Henderson were sold or served alcohol at Tony's. In its brief, Tony's asserts "there is no evidence that Morgan or Henderson were sold or served alcohol at Tony's on the night of the subject incident." Under the circumstances, and like in *Shasteen*, reasonable minds could differ on the crucial question of Weichers's reasonable diligence. *Shasteen*, 260 N.W.2d at 52. *Shasteen* involved whether a plaintiff exercised reasonable diligence to discover the dram shop's name. *Id.* at 49-50. Here, there is evidence indicating a lack of diligence on the part of Weichers, but

there is evidence from which a jury might find diligence. Under similar circumstances, the *Shasteen* trial court determined a factual issue existed on the matters Shasteen urged in justification for noncompliance with the six-month notice requirement, and the trial court submitted the issue to the jury. *Id.* at 50. The supreme court affirmed, concluding "[d]efendant's contention that plaintiff's suit is barred as a matter of law is without merit," and holding the question of Shasteen's compliance with notice requirements was properly submitted to the jury. *Id.* at 52-53. Here, the district court concluded "a question of fact exists for the jury's determination relative to the diligence exercised by the plaintiff in discovering the dram shop action against Defendant Tony's." Under the facts presented, I agree. Further, I believe questions of reasonable diligence are akin to questions of negligence, and generally, questions of negligence are for the jury and may be decided as a matter of law only in exceptional cases. *See Ruby v. Easton*, 207 N.W.2d 10, 15 (Iowa 1973). Moreover, my conclusion is in keeping with the mandate to liberally construe the dram shop statute. *Shasteen*, 260 N.W.2d at 50.

I would affirm the district court's denial of the motion for summary judgment.