GLENDA SANDERS, ADMINISTRATRIX (ESTATE OF WILLIAM SANDERS) *v.* THE OFFICERS' CLUB OF CONNECTICUT, INC.

SUPERIOR COURT          MIDDLESEX COUNTY          FILE NO. 25916

Memorandum filed May 30, 1978

*Riscassi & Davis,* for the plaintiff.

*Wilson, Asbel & Channin,* for the defendant.

SIDOR, J. Glenda Sanders, the plaintiff administratrix of the decedent's estate, brings this action under the Connecticut dram shop statute. General Statutes § 30-102. The plaintiff contends that the defendant sold alcoholic liquor to Louis Doerschuck, an intoxicated person, and that as a result of such intoxication he fatally injured William Sanders.

On February 19, 1976, William Sanders, while preparing to tow a disabled vehicle on an interstate highway, was struck and fatally injured by a vehicle operated by Doerschuck. Just prior to the collision Doerschuck had occasion to visit the Officers' Club of Connecticut, Inc., the defendant, where he was served and where he consumed a quantity of liquor.

The defendant raises several special defenses. Two of them are of immediate concern to the court: one sounding in contributory negligence, and the other sounding in assumption of risk.

In the motion at bar, the plaintiff demurs to the defendant's special defenses. In doing so she contends that both contributory negligence and assumption of risk have no place in an action brought under the Connecticut dram shop statute. For the purpose of ruling on this demurrer to the special defenses each defense shall be separately treated.

## I

### CONTRIBUTORY NEGLIGENCE AS A SPECIAL DEFENSE TO THE CONNECTICUT DRAM SHOP ACT

Connecticut is one of many jurisdictions adopting a dram shop statute. General Statutes § 30-102. It is settled that the prosecution of a claim under

this statute constitutes a cause of action unknown to the common law. *Thompson* v. *Bristol Lodge No. 712,* 31 Conn. Sup. 405. Since its origin in 1872 the long-established purpose of the dram shop act has been to vest a cause of action in a third party, injured by an intoxicated person, against a liquor retailer upon proof that there was (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, caused injury to a third party's person or property. *Nelson* v. *Steffens,* 170 Conn. 356, 360; *London & Lancashire Indemnity Co.* v. *Duryea,* 143 Conn. 53, 57. "Dram Shop" or Civil Liability Acts are classified as a form of strict liability. Prosser, Torts (3d Ed.) § 79, p. 542, citing *Pierce* v. *Albanese,* 144 Conn. 241, appeal dismissed, 355 U.S. 15. This reflects a strong public policy favoring the imposition of liability upon vendors who sell goods possessing considerable risk to the public at large regardless of reasonable care on behalf of the vendor, in this case the sale of alcohol to an intoxicated person. Ibid.

Surprisingly enough, a careful review of authorities fails to elicit an officially reported Connecticut decision on point. Some time ago a federal appellate court was faced with the issue at bar. *Zucker* v. *Vogt,* 329 F.2d 426 (2d Cir.). Without benefit of a guiding state court decision the federal court was left to anticipate what a Connecticut court would do in such an instance. It affirmed the lower court's decision barring contributory negligence as a valid defense to an action under Connecticut's dram shop statute. *Zucker* v. *Vogt,* supra, 429–30. In so doing the court cited the majority rule prohibiting such a defense to statutory actions.

Connecticut case law makes clear that the dram shop statute was enacted to blunt the harsh consequences of the common-law rule prohibiting a cause of action against one who furnishes liquor,

by sale or gift, to another who voluntarily becomes intoxicated, resulting in a tortious wrong to an innocent third party. *Nelson* v. *Steffens,* 170 Conn. 356; *Nolan* v. *Morelli,* 154 Conn. 432. This cause of action is a creature of statute, not of the common law. Wright & Fitzgerald, Connecticut Law of Torts (2d Ed.) § 83, p. 177. Connecticut's dram shop act does not authorize relief for injuries or damage sustained by the intoxicated party. *Lavieri* v. *Ulysses,* 149 Conn. 396, 400. Manifesting strict liability attributes, the statute requires no causal relation between the sale of the intoxicant to the purchaser and the resulting injury to a third party. *Nelson* v. *Steffens,* supra, 360.

Against this backdrop the court is to pass on the special defense of alleged contributory negligence. It is clear that the plaintiff in the case at bar falls within the protected class under the statute, insofar as the deceased was a third party injured by the intoxicated purchaser. *Noonan* v. *Galick,* 19 Conn. Sup. 308, 310. The act was "passed in pursuance of a broader public policy for the protection of the public at large." Ibid.

It is generally recognized that common-law contributory negligence is not a defense to a statutory dram shop action. 4D Personal Injury, Intoxicated Persons, § 1.02 (5) (c), p. 67 (Matthew Bender); 45 Am. Jur. 2d, Intoxicating Liquors, § 588, p. 879. This is to be distinguished from the alleged defense that the plaintiff participated in, facilitated or encouraged the intoxication of the donee-vendee, in which situation a defense is recognized. *Cookinham* v. *Sullivan,* 23 Conn. Sup. 193; annot. 26 A.L.R.3d 1112. The defendant here, however, makes no allegation that the plaintiff in any way participated in Doerschuck's drunken stupor. Thus this latter defense is of no avail to the defendant, nor is it relevant to the present case.

Recently the state of Iowa, in a dram shop action, had occasion to pass on the defense asserted at bar. *Williams* v. *Klemesrud,* 197 N.W.2d 614 (Iowa). In *Williams* an action was brought by a third party under the Iowa dram shop law. The defendant attempted to assert common-law contributory negligence on the part of the plaintiff in that, following the vendee's intoxication, an auto collision ensued due to the plaintiff's negligent approach to an intersection. The court (p. 617) rejected the defense. "Dram shop statutes impose strict liability, without negligence, upon the seller. W. Prosser, Law of Torts § 81, p. 538 (4th ed. 1971). The ordinary concepts of proximate cause are not strictly applied. *Lee* v. *Hederman,* 158 Iowa 719 . . . (1912); *Bistline* v. *Ney Bros.,* 134 Iowa 172 . . . (1907). Similarly, we now hold the stereotype contributory negligence defense has no application."

In light of the fact that this action is authorized by statute, that this action is a form of strict liability, and that the special defense does not fall within the ambit of the participation defense which is a recognized exception to such an action, the plaintiff's demurrer to the first special defense is sustained.

## II

### Assumption of Risk as a Special Defense to the Connecticut Dram Shop Act

A review of decisions reveals very little as to the legal sufficiency of an assumption of risk defense to a dram shop action. It appears that such a defense is proper within the boundaries of voluntarily and willingly assuming the risk of another's intoxication, for example by accepting a ride from one known by the plaintiff to be drunk. *Berge* v. *Harris,* 170 N.W.2d 621 (Iowa). This result goes

hand in hand with the participation defense recognized as an exception to the dram shop statute. It is sufficiently related to the intoxication of the party and knowledge of it. But this has no place in the present defense.

To give full effect to the intent of the dram shop statute to "protect the public at large," and in view of the fact that the assumption of risk defense should not be applied where the defendant has breached a "statutory right to protection" extended to the plaintiff, the plaintiff's demurrer to the defendant's second special defense is sustained. See 2 Harper & James, Torts § 21.1, p. 1165.

Insofar as the first and second special defenses fail to allege a legally sufficient defense to the plaintiff's cause of action, the demurrer is sustained.