[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT RIPLEY'S CAFE, INC.'S MOTION FOR SUMMARY JUDGMENT (#160) AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (#162) AS TO DEFENDANT, RIPLEY'S CAFE, INC.
On March 27, 1989, the plaintiff, Gary Kendzierski, filed a five count substitute complaint against defendants Cory Seligson and Ripley's Cafe, Inc. sounding in negligence, assault and battery, wanton and reckless misconduct, and the Dram Shop Act. On June 18, 1990, the defendant, Ripley's Cafe, Inc., filed a motion for summary judgment as to all claims against it. On July 9, 1990, the plaintiff filed a motion for summary judgment, interlocutory in nature, against the defendant, Ripley's Cafe, on the issue of liability only. Each party's motion concerns the applicability of the Dram Shop Act and the evidence, or lack thereof, of intoxication of the defendant, Cory Seligson.
Facts
According to the plaintiff's substitute complaint, both the plaintiff, Gary Kendzierski, and the defendant, Cory Seligson, were patrons of the defendant, Ripley's Cafe, on April 24, 1988. At approximately 12:45 a.m. the defendant Seligson attacked and struck the plaintiff in the parking lot of Ripley's Cafe, causing serious, painful and debilitating injuries. The plaintiff alleges that employees of Ripley's Cafe sold alcoholic beverages to Seligson while he was intoxicated and, therefore, are responsible for the damages which resulted from Seligson's intoxication. CT Page 787
The defendant, Ripley's Cafe, argues in its motion for summary judgment that there is insufficient evidence to create a genuine issue of fact as to whether Ripley's Cafe sold alcoholic beverages to defendant Seligson while he was intoxicated and as to whether the plaintiff's injuries resulted from Seligson's intoxication. Ripley's Cafe relies, in part, on Seligson's deposition in which he admits to having approximately seven beers and feeling light-headed but not intoxicated, and on the plaintiff's deposition in which he states that he knew someone had purchased a shot of whiskey for Seligson but did not see Seligson drink it. Ripley's Cafe also argues that unlike motor vehicle accidents usually the subject of Dram Shop actions, the causal connection between intoxication and an assault is questionable since frequently there are other reasons underlying a fight unrelated to intoxication.
Opposing Ripley's Cafe's motion the plaintiff cites much the same evidence in arguing that a genuine issue of material fact must be decided from the evidence presented.
On July 9, 1990, the plaintiff filed his motion for summary judgment, interlocutory in nature, on the issue of liability only. In a somewhat confusing move, the plaintiff incorporated his objection to Ripley's Cafe's motion for summary judgment. In that objection the plaintiff asserted that there were genuine issues of material fact. Thereafter, Ripley's Cafe filed its objection to the plaintiff's motion relying on its previously submitted materials and further argued that the materials submitted by the plaintiff were insufficient to create a genuine issue of material fact.
Discussion
"In any action,. . . any party may move for summary judgment, provided that the pleadings are closed as between the parties to that motion." Conn. Practice Bk. section 379. "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Conn. Practice Bk. section 384. The movant has the burden of negating any issue as to all material facts, which under pertinent principles of substantive law, entitle it to judgment as a matter of law. Fogarty v. Rashaw, 193 Conn. 442,445 (1984).
In ruling on the parties' motions for summary judgment, it is not this court's function to decide issues of material fact, but rather to determine whether or not such issues CT Page 788 exist. Nolan v. Borkowski, 206 Conn. 495, 500 (1988). The test for a motion for summary judgment is whether a party would be entitled to a directed verdict on the same facts. Batick v. Seymour, 186 Conn. 632, 647 (1982). In the present case, counts four and five of the substitute complaint are brought pursuant to the Dram Shop Act, Connecticut General Statutes section 30-102. That section provides, in pertinent part:
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller shall pay just damages to the person injured. . .
The evidence presented to the court in connection with the motions for summary judgment, especially the depositions of the parties concerning the amount of liquor consumed by the defendant Cory Seligson at Ripley's Cafe prior to the alleged assault, clearly presents genuine issues of material fact both as to the intoxication of Seligson and the causal connection between that intoxication and the plaintiff's injuries. See Passini v. Decker, 39 Conn. Sup. 20 (Super. Ct. 1983); Sanders v. Officers' Club of Connecticut, Inc.,35 Conn. Sup. 91 (Super.Ct. 1978).
Accordingly, based on the foregoing, both motions for summary judgment are denied.
So ordered.
HARTMERE, J.