[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Presently before the court is the plaintiff's motion to strike the defendants fourth, sixth and seventh special defenses.
The plaintiff, Pasquale F. Manzione, Administrator of the estate of Donna M. Manzione, filed a two count complaint against the defendants, AMF Bowling Centers, Inc., (hereinafter "AMF") Hamden Lanes, a bowling alley and lounge owned and operated by AMF, Steve Radin, the permittee of Hamden Lanes, and Cynthia Rowe, an employee and agent of the defendants Hamden Lanes and Radin (collectively referred to as the "Defendants"). Count one alleges "carelessness and negligence" and count two alleges "gross negligence, willful, wanton and reckless misconduct." Both counts allege violations of General Statutes 30-86.
In substance, the complaint alleges that, on or about November 30, 1989, the plaintiff's decedent, Donna Manzione, minor within the meaning of General Statutes 30-86, was sold and served intoxicating liquors at the lounge at Hamden Lanes by the defendant Cynthia Rowe; that this occurred even after it was apparent or should have been apparent that Ms. Manzione was under the influence of alcohol; and that, upon leaving Hamden Lanes, in an impaired state. Ms. Manzione lost control of her vehicle and was involved in an accident, causing her injuries and death.
On August 14, 1992, the defendants filed an amended answer and seven special defenses as to each of the counts. On September 10, 1992, the plaintiff filed a motion to strike the fourth, sixth and seventh special defenses as to each count.
Subsequently, on October 8, 1992, the defendants filed an amended answer and special defenses. The motion to strike however, is specifically addressed to the amended answer and special defenses dated August 12, 1992 and filed August 14, 1992 The fourth, sixth and seventh special defenses are identical in each amended answer and special defenses, therefore this court ruling applies to each. CT Page 10965
A motion to strike challenges the legal sufficiency of pleading. Practice Book 152; Mingachos v. CBS, Inc., 196 Conn. 91,108. A motion to strike may properly raise the issue of the legal sufficiency of a special defense to a cause of action. Practice Book 152 (5); Nowak v. Nowak, 175 Conn. 112, 116. The motion to strike must fail "if the facts provable under it allegations would support a defense." Mingachos, supra, 109.
The fourth special defense alleges, as to each count, that "[a]ny injuries or damages as alleged were caused by the voluntary consumption of alcohol by the decedent." The plaintiff argues, relying on Ely v. Murphy, 207 Conn. 88, 95, a case involving the tort liability of a social host to an innocent victim, that voluntary consumption of intoxicating liquors is not a defense in an action involving service of intoxicating liquor to a minor. This court does not agree with that claim.
In Ely, supra, the plaintiff sought damages for the wrongful death of his son, who was a guest at a high school graduation party hosted by the defendants and given in their home. The plaintiff's decedent in Ely was fatally injured when struck by an automobile driven by another eighteen year old guest at the party who was intoxicated. The court in Ely stated that:
 "At common law it was the general rule that no tort cause of action lay against one who furnished, whether by sale or gift, intoxicating liquor to a person who thereby voluntarily became intoxicated and in consequence of his intoxication injured the person or property either of himself or of another. The reason generally given for the rule was that the proximate cause of the intoxication was not the furnishing of the liquor, but the consumption of it by the purchaser or donee. The rule was based on the obvious fact that one could not become intoxicated by reason of liquor furnished him if he did not drink it." CT Page 10966
Id., 93.
However, with regard to minors, the Ely court stated:
 "In view of the legislative determination that minors are incompetent to assimilate responsibility [for] the effects of alcohol and lack the legal capacity to do so, logic dictates that their consumption of alcohol does not, as a matter of law, constitute the intervening act necessary to break the chain of proximate causation and does not, as a matter of law, insulate one who provides alcohol to minors from liability for ensuing injury. To the extent that our earlier rulings in Slice v. Quigley, (180 Conn. 255), Nelson v. Steffano, (170 Conn. 356), and Moore v. Bunk, (154 Conn. 644) indicate otherwise we herewith overrule them.". . . Id., 95.
 "This is not to say, however, that the social host or other purveyor of alcohol is absolutely liable to the minor served or innocent third parties thereafter injured. Rather, the matter of proximate cause of the injury and ensuing damage becomes one of fact to be determined in each instance by the court or jury as the parties elect."
Id., 97.
The instant case comes within the scope of the Ely exception to the common law rule.
In the Ely case, our Supreme Court created an exception to the common law rule enunciated in Nolan v. Morelli, 154 Conn. 432,436-437; it held that "the negligent furnishing of alcohol to minors gave rise to a cause of action for the victims of the CT Page 10967 minors inebriated driving." Quinnett v. Newman, 213 Conn. 343,346, 352; it also held that the purveyor was not absolutely "liable to the minor served. . .". Ely v. Murphy, supra., p. 97. Among the cases specifically overruled by Ely is Moore v. Bunk, 154 Conn. 644, which, applying the common law rule, denied recovery to the plaintiff who, as a minor, voluntarily consumed intoxicating liquor dispensed by defendants. Therefore, the scope of the Ely exception was intended to encompass tort claim in which the plaintiff is a minor who voluntarily consume intoxicating liquor.
It is the opinion of this court that, in accordance with the principles established in Ely, it is a question of fact whether or not, the furnishing of intoxicating liquor to a minor, the voluntary consumption of said liquor by the minor or any other factor is the proximate cause of intoxication or any damage therefrom.
Therefore, the motion to strike the fourth special defense should be denied because said special defense alleges a viable defense to be determined by the trier of fact.
Plaintiff's motion to strike the sixth and seventh special defenses should be granted.
The sixth special defense alleges, as to each count, that "[a]ny actions brought on an alleged violation of Section 30-8
are to enure to the benefit of Third Parties and not the party voluntarily becoming intoxicated."
The seventh special defense alleges, as to count one of the plaintiff's complaint, that "there is no common law cause of action for negligently furnishing intoxicating liquor to one who thereby intoxicated, thereafter injures oneself."
The seventh special defense, as to count two of the plaintiff's complaint, repeats said allegation and further alleged that there is no common law cause of action for "the reckless of wanton furnishing of alcohol to another for "the reckless of wanton furnishing of alcohol to another who, thereby intoxicated injures herself and even if such a cause of action existed plaintiff's allegations fail sufficiently to set fort causation."
"Facts which are consistent with . . . statements [alleged by CT Page 10968 the plaintiff] but show, notwithstanding, that he has no cause of action, must be specially alleged." Practice Book 164. The sixth and seventh special defenses rather than alleging facts contest the legal sufficiency of the plaintiff's complaint. Such a challenge is more appropriately the subject of a motion to strike the allegations of a complaint for failure to state claim upon which relief can be granted rather than the subject of a special defense. Practice Book 152; Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170.
Accordingly, the motion to strike the fourth special defense is denied; and the motion to strike the sixth and seventh special defenses is granted.
RONALD J. FRACASSE, JUDGE