[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 7, 1992, the plaintiff, administratrix of the estate of decedent Michael J. Cleary, filed a five count complaint against the defendants, Monahan's Shamrock Cafe (Cafe) and Josephine Monahan individually, as owner and licensed permittee of Monahan's Shamrock Cafe, seeking damages for the fatal injuries to plaintiff's decedent caused by the defendants' alleged negligence, wanton and reckless conduct, and violation of General Statutes 30-102, the Dram Shop Act.
In count one of the complaint plaintiff alleges that, on December 21, 1991, the plaintiff's decedent, Michael J. Cleary, was a passenger in an automobile owned and operated by Phil R. Penna, Jr. when the vehicle collided with another vehicle causing the plaintiff's decedent to sustain fatal injuries. The plaintiff alleges that the fatal injuries sustained by plaintiff's decedent were caused by the negligence of the Cafe in that, on December 20 and 21, 1991, the Cafe served alcoholic beverages to minors, including Phil R. Penna, Jr., in violation of General Statutes 30-86, that the Cafe served alcoholic beverages to Penna when the Cafe knew or should have known Penna was intoxicated and that the Cafe allowed Penna to drive when the Cafe should have known of the dangers of driving while intoxicated. The plaintiff alleges that as a result of the Cafe's negligence, plaintiff's decedent suffered traumatic injuries, physical and mental pain and suffering, the loss of earning capacity and the loss of the ability to enjoy life's activities. Additionally, the plaintiff alleges it has incurred expenses for medical, hospital, and funeral bills.
In count two of the complaint the plaintiff alleges that the Cafe engaged in wanton and reckless conduct in serving alcoholic CT Page 8266 beverages to Penna as described above. Counts three and four of the plaintiff's complaint allege negligence and wanton and reckless conduct, respectively, as described in counts one and two, against Monahan as owner and licensed permittee of Monahan's Shamrock Cafe, Inc.
Count five of the plaintiff's complaint alleges that both defendants violated General Statutes 30-102, the Dram Shop Act, in that the defendants served alcoholic beverages to Penna while Penna was in an intoxicated condition and that such intoxicated condition caused the death of plaintiff's decedent.
On March 30, 1993 the defendants filed an answer and five special defenses. The defendants' first special defense alleges that if Penna were intoxicated on the night in question, then the plaintiff's decedent, in the company of others, supplied liquor to Penna and otherwise facilitated Penna's intoxication, and willingly rode as a passenger in Penna's vehicle and therefore assumed the risk of his own conduct and the risk of his own injuries.
The defendants' second special defense alleges that the plaintiff's decedent participated in and facilitated the intoxication of Penna. The second special defense further alleges that the plaintiff's decedent is not an innocent party and, therefore, is not entitled to recover under the allegations of the complaint.
The defendants' third special defense alleges that the plaintiff's decedent's wanton and reckless conduct was the proximate cause of his own injuries and is therefore not entitled to recovery. The fourth special defense alleges that plaintiff's decedent's negligence was of a sufficient degree so as to act as a bar to plaintiff's recovery pursuant to General Statutes 52-572 (h). The fifth special defense alleges that the defendants are entitled to set off by way of any payments plaintiff may receive by judgments against Phil Penna, Jr.
On April 6, 1993, the plaintiff filed a motion to strike the first and second special defenses on the grounds that the first and second special defenses raised by the defendant are legally insufficient special defenses to the causes of action because the special defenses of participation and assumption of the risk are not recognized as defenses in the present case. Pursuant to Practice Book 155, the plaintiff filed a memorandum of law in support of the motion to strike. Defendant filed a memorandum of CT Page 8267 law in opposition to plaintiff's motion to strike on May 20, 1993. Oral argument was heard on May 24, 1993.
A motion to strike is the proper vehicle to raise the issue of the legal insufficiency of a special defense to a cause of action. Practice Book 152(5); Ferryman v. Groton, 201 Conn. 138, 142,561 A.2d 432 (1989). The motion to strike must rely wholly upon the factual allegations of the pleadings addressed and may not contain affirmative factual assertions which could only be proved by evidence. Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990). "The court must construe the facts in the [pleadings] in the manner most favorable to the non-moving party." Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988). If the facts provable under the pleadings would support a defense or a cause of action, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 109, 491 A.2d 368 (1985).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. Practice Book 164." Grant v. Bassman, 221 Conn. 465, 472, 604 A.2d 814
(1991). When a party pleads a special defense, the burden of proof on the allegations contained therein is on the party pleading the defense. Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234,237, 520 A.2d 1008 (1987).
The plaintiff's memorandum in support of the motion to strike addresses, almost exclusively, the insufficiency of defendants' special defenses in relation to count five of the plaintiff's complaint, violation of the Connecticut Dram Shop Act. The plaintiff argues that assumption of the risk and participation are barred as defenses by the Dram Shop Act. The plaintiff also asserts, in passing, that as General Statutes 52-572h(j) abolishes the defense of assumption of the risk in all negligence actions, the defendants' special defenses are legally insufficient as they apply to counts two and four, which allege defendants' wanton and reckless conduct.
The defendants contend that the first and second special defenses address not only count five but counts two and four of the plaintiff's complaint which allege wanton and reckless conduct by the defendants. The defendants assert that a wanton and reckless conduct cause of action is an action separate and distinct from one in negligence. The defendants argue that pursuant to Kowal v. Hofher, 181 Conn. 355, 436 A.2d 1 (1980), a claim of wanton and CT Page 8268 reckless conduct is properly the subject of defendants two special defenses. The defendants argue that General Statutes 52-572h, which acts to bar the defense of contributory negligence to a cause of action in negligence, does not extend to a tort action alleging wanton and reckless conduct.
A. Participation as a Defense to the Dram Shop Act
General Statutes 30-102 provides in relevant part:
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, thereafter injures the person or property of another, such seller should pay just damages to the person injured, up to an amount of twenty thousand dollars, or to persons injured in consequence of such intoxication up to an aggregate amount of fifty thousand dollars . . .
No Connecticut appellate level decisions have addressed the issue of the validity of the defense of participation to an action based on the Dram Shop Act. A split of authority on the issue exists at the superior court level. Lepore v. Lavigne, 6 CTLR 46, 47 (February 6, 1992, Hennessey, J.) In Cookingham v. Sullivan,23 Conn. Sup. 193, 196 (Super.Ct. 1962, Covello, J.), the court held "[i]t cannot be said that the statute [Dram Shop Act] contemplates giving a remedy to one who joins and participates in and contributes to the violation of it." "The majority of superior court decisions have allowed a participation defense in cases brought pursuant to the Dram Shop Act." Archambault v. Pascual,3 Conn. L. Rptr. 36 (December 19, 1990, McDonald, J.), citing to DiChello v. The Dean's Office Cafe, 4 CSCR 134 (December 21, 1988, Reynolds, J.); Cookingham v. Sullivan, supra; see also Jepson v. Highway Cafe, 2 CSCR 353 (February 13, 1987, Jacobson, J.); Dimmock v. South Peking Restaurant, 5 Conn. L. Rptr. 241 (December 9, 1991, Wagner, J.); and Gelosa v. Sagon, 1 Conn. L. Rptr. 141 (January 3, 1990, Mulcahy, J.).
Those courts which have disallowed the defense of participation in Dram Shop actions have relied on the reasoning of Passini v. Decker, 39 Conn. Sup. 20, 24-25 (Super.Ct. 1983, CT Page 8269 Pickett, J.). The court in Passini stated:
 A successful participation defense, if allowed, would bar recovery from a vendor of liquor who made sales to intoxicated persons who later caused damages to the person or property of others. The legislature has determined that a vendor of liquor should bear the loss for damages to third persons as a result of sales to intoxicated persons. The statute imposes liability upon sellers of liquor to intoxicated persons. The legislature made such a determination to deter a vendor from selling liquor to those who are intoxicated. To allow a defense of `participation' by a vendor would defeat by judicial amendment this legislative purpose in enacting the statute.
Id. 24, 25. The court in Passini distanced itself from the Cookingham decision and its progeny reasoning that "those decisions allowing a `participation' defense rely upon the rationale that as a participant in the consumption of alcohol with the intoxicated person, the participant is not `innocent' of the intoxication of the intoxicated person, and thus is not entitled to relief from the act." Id., 25. "This rationale fails to recognize that the participant could not be able to `participate' in the consumption of alcohol with the intoxicated person without the vendor selling him or her the alcohol being consumed." Id. "The legislature has placed the onus on the vendor for selling alcohol to the intoxicated persons . . . . Reading a requirement of `innocence' into the statute does not comport with the public policy prompting its passage or its express language." Id.
B. Assumption of the Risk as a Defense to the Dram Shop Act
No Connecticut appellate level court has decided whether assumption of the risk is a valid defense to a Dram Shop action, and a split of authority exists at the superior court level. Dimmock v. South Peking Restaurant, 5 Conn. L. Rptr. 241 (November 7, 1991, Wagner, J.)
 Many of the cases upholding the defense [of assumption of the risk] rely on a restatement of the trial court in Sanders v. Officers' Club of Connecticut, Inc. 35 Conn. Sup. 91, 95
(Super.Ct. 1978, Sidor, J.), that, CT Page 8270 "[it] appears that such a defense is proper within the boundaries of voluntarily and willingly assuming the risk of another's intoxication, for example accepting a ride from one known by the plaintiff to be drunk. Berg v. Harris, 170 N.W.2d 621 (Iowa)."
Jipson v. Gabarro, 2 CSCR 285, 286 (January 12, 1987, Lavery, J.) See also Bagley v. Hazardvilla Restaurant, 4 Conn. L. Rptr. 101
(October 31, 1983, Gaffney, J.); Tarver v. Devito, 7 CSCR 843
(January 25, 1992, Rush, J.); Hoffman v. Reed, 3 CSCR 172 (January 6, 1988, Leuba, J.).
However, cases which have disallowed the defense of assumption of the risk rely on L'Heureux v. Hurley, 117 Conn. 347, 168 A. 8
(1933), wherein the court held that assumption of the risk is not a defense to an action based on a statutory violation when the statute was enacted to create an obligation to the public at large. Id., 355-358 (The statute at issue in L'Heureux required owners of tenement houses to provide lighting in all public halls at night.) Courts which have disallowed the defense of assumption of the risk reason that the Dram Shop Act protection is not limited to "innocent" third parties but instead is intended to protect the public at large. Passini v. Decker, supra, 22. "The purpose of the statute [Dram Shop Act] is to protect the public at large . . ." Id., 23. "The Dram Shop Act does not expressly limit recovery to innocent third parties, nor does it specifically exclude drinking companions or so-called participants." Id., 22.
The trend in the superior court appears to be shifting toward disallowing the defenses of assumption of the risk and participation. In Davila v. Casper, 6 Conn. L. Rptr. 524 (June 8, 1992, Melville, J.) the court reasoned:
 Both by judicial decision and commentary by eminent authority on the subject, Dram Shop or civil liability acts are classified as a form of strict liability and are enacted for the benefit of the public at large. Sanders v. Officer's Club of Connecticut, Inc., 35 Conn. Sup. 91, 93
(1978); Prosser, Torts 3rd Ed., Sec. 79, P. 542, citing Pierce v. Albanese, 144 Conn. 241 (1957). See also, Kowal v. CT Page 8271 Hofner, 181 Conn. 355, 358 (1980).
The Davila court relies on Pierce v. Albanese, supra, in which the Connecticut supreme court concluded that the "`purpose of the legislation is to aid the enforcement of Section 4293 [predecessor to the current Dram Shop Act] by imposing a penalty, in the form of civil liability . . . and to protect the public.'" Id., quoting Pierce v. Albanese, supra, 249. Additionally, the Davila court, relying on Connecticut State Board of Labor Relations v. Board of Education, 177 Conn. 68, 73, 411 A.2d 28 (1979), for the proposition that where the language of a statute is clear and unambiguous, no interpretation of the legislature's intent is necessary or permitted, strictly interpreted the language of General Statute 30-102 and held that the Dram Shop Act clearly establishes the circumstances under which a purveyor of alcoholic beverages shall be liable and has carved out exceptions thereto. Davila v. Casper, supra, 524, 525. The Davila court concludes that there is no "innocent victim" exception to the Dram Shop Act. Id.
Lastly, relying on the historical perspective of the Dram Shop Act, the Davila court concludes that the "`legislature wanted to eliminate the purveyor's escape route by all means of common law concepts of fault.'" Id., quoting Pierce v. Albanese, supra, 249.
 Originally the legislature enacted a statute which eliminated the common law requirement of proving a causal connection between the sale of liquor and the injury. Under the statute, Sec. 4307 (rev. 1949), the predecessor to the current statute, does not require a showing of fault on the part of the seller (that the sale caused the injury) in order for the injured person to recover. Pierce v. Albanese, supra, P. 249."
Davila v. Casper, supra, 525
Pursuant to the court's reasoning in Davila v. Casper, supra, and those cases which have disallowed the special defenses of "assumption of the risk" and "participation", the plaintiff's motion to strike the first and second special defenses on the grounds that they are legally insufficient defenses to an action based on the Dram Shop Act, is granted. CT Page 8272
C. Participation and Assumption of the Risk as Special Defenses to Wanton and Reckless Conduct.
General Statutes 52-572h(b) states in part: "In causes of action based in negligence, contributory negligence shall not be a bar to recovery . . ." However, counts two and four of the plaintiff's complaint allege wanton and reckless misconduct by the defendants. "`Wanton misconduct is more than negligence, more than gross negligence . . . . Wilful misconduct is intentional misconduct, and wanton misconduct is reckless misconduct, which is the equivalent of wilful misconduct.'" Kowal v. Hofher, supra, 3362, quoting Menzie v. Kalmonowitz, 107 Conn. 197, 199, 139 A. 698 (1928). Section 52-572h does not act as a bar to the defenses of participation and assumption of the risk as applied to a cause of action sounding in wanton and reckless conduct.
Additionally, in Wendland v. Ridgefield Construction Services, Inc., 190 Conn. 791, 462 A.2d 1043 (1983), the court stated:
 The central purpose of [General Statutes] 52-572h was to abolish the harsh common law rule that the doctrines of contributory negligence, last clear chance and assumption of the risk operated as a complete bar to recovery . . . In lieu of these doctrines, subsection (a) of 52-572h sets forth a single standard: comparative negligence. In determining the relative negligence of each party, however, the factors relevant to the assumption of risk doctrine may be considered by the trier . . . [E]lements involving the failure of the plaintiff to comprehend a risk may be specially pleaded and weighed by the trier in determining the propriety and totality of the plaintiff's conduct in relation to that of the defendant.
(Internal citations omitted.) Id., 797, 798. Several superior court decisions have held that factors relevant to the assumption of the risk doctrine maybe raised by special defense when alleging the plaintiff's comparative negligence under factual circumstances similar to those of the present case. Maulucci v. Canevari, 8 CT Page 8273 Conn. L. Rptr. 438, 440 (February 26, 1993, Hennessey J.), citing to Orr v. Maheux, 3 Conn. L. Rptr. 87, 88 (December 10, 1990, Aronson, J.); and Penn. v. Laboy, 2 Conn. L. Rptr. 165 (July 30, 1990, Axelrod, J.)
In Orr v. Maheux, supra, the plaintiff, a passenger in an automobile which became involved in a single car collision, brought action for damages for injuries sustained in the collision. Id., 87. The defendants were the driver of the automobile, Scott Maheux, and the owner of the automobile, Roger Maheux. Additionally, the plaintiff alleged damages under the Dram Shop Act against defendant Clinton Burnham, permittee, and the Bradley Bowl, Inc. Id. The defendants Maheux alleged, by way of special defense, that the plaintiff was negligent by participating in and encouraging the ingestion of alcohol by the defendant, Scott Maheux, and the plaintiff thereby assumed the risk of his own conduct when he voluntarily accepted a ride as a passenger knowing the intoxicated condition of the driver, Mahuex. Id. Relying on Wendland v. Ridgefield Construction Services Inc., supra, and the legislative history of General Statutes 52-572h, the court in Orr held that when the defendant alleges plaintiff's comparative negligence, factors relevant to the assumption of the risk doctrine may be considered by the trier of fact as long as proper instructions are given concerning the doctrine of comparative negligence. Id.
Similarly, in Penn v. Laboy, supra, the plaintiff alleged negligence and wanton and reckless conduct by the defendant as a basis for recovery for injuries sustained in a automobile accident. Penn v. Laboy, supra, 165. The defendant, operator of the automobile, raised the special defense of assumption of the risk alleging that the plaintiff voluntarily accepted a ride in defendant's automobile when the plaintiff believed the defendant to be intoxicated. Id. The plaintiff argued, in his memorandum in support of his motion to strike the special defense, that assumption of the risk was barred by General Statutes 52-572h. In denying the plaintiff's motion to strike, the Penn court looked to Wendland v. Ridgefield Construction Services Inc., supra, for the proposition that factors relevant to the assumption of the risk doctrine maybe considered by the trier. Id. This proposition has been repeated in other superior court decision. See Illin v. Facondini, 5 Conn. L. Rptr. 478 (January 27, 1992, Langenbach, J.); Spenser v. Balfe, 1 Conn. L. Rptr. 46 (November 22, 1989, Muray, J.); see also, Manzione v. AMF Bowling Centers, Inc., 8 CSCR 69
(December 11, 1992, Fracasse, J.) (Motion to strike special CT Page 8274 defenses was denied in part where the plaintiff alleged gross negligence, willful, wanton and reckless misconduct on the part of the defendant in serving alcohol to plaintiff's minor decedent. The court held that defendant's special defense that the plaintiff's decedent voluntarily consumed the alcohol raises an issue of proximate cause as to the intoxication or any damage therefrom.)
In the present case, the defendants' first and second special defenses allege that the plaintiff supplied alcohol to Penna, contributed to Penna's intoxication, and facilitated and encouraged the intoxication of Penna. The special defenses further allege that the plaintiff assumed the risk of his claimed injuries because plaintiff knew or should have known that he exposed himself to danger in riding as a passenger in Penna's automobile. Construing the pleadings in the manner most favorable to the non-moving party; Rowe v. Godou, supra; and pursuant to the reasoning of Wendland v. Ridgefield Construction Services, Inc., supra, the cases described, which rely on Wendland, supra, and Manzione v. AMF Bowling Centers, Inc., supra, the defendants' special defenses sound in comparative negligence, relate directly to plaintiff's failure to comprehend a risk and, therefore, are not barred by General Statutes 52-572h. Therefore the plaintiff's motion to strike the first and second special defenses, as addressed to the fourth count of plaintiff's complaint alleging wanton and reckless conduct, is therefore denied.
Howard F. Zoarski, Judge