[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The moving defendants, Amici's Inc. and George Ricciardi, ask the court to strike plaintiff's entire complaint, though only counts three and four relate to them individually. Counts one and two contain similar claims alleged against other defendants, Deans's, Inc. and Ernest Tedesco, who are not CT Page 9801 parties to this motion.
The court will consider the motion to strike as to those counts which pertain directly to the moving defendants. See Rowe v. Gordon, 209 Conn. 273, 550 A.2d 1073 (1988); (defendants may move to strike any count of plaintiff's complaint pertaining to their respective liabilities.)
Although defendants' motion to strike with attached memorandum in support of such motion was filed in a timely manner, the motion submitted does not comply with Practice Book 154. Defendants' motion states: "The undersigned defendants, Amici's Inc. and George Ricciardi, hereby move this court to strike the plaintiff's complaint dated June 1, 1993. A Memorandum of Law is attached."
"Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book 154.
 The defendant's motion to strike simply stated that the plaintiff had `failed to state a claim upon which relief can be granted.' Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiff's complaint in its motion, the motion was `fatally defective' under Practice Book notwithstanding the defendant's inclusion of such reasons in its supporting memorandum. We, nevertheless, consider the defendant's motion in the form presented to the trial court due to the plaintiff's failure to object to its form and the nonjurisdictional nature of 154.
Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991).
 Practice Book 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion CT Page 9802 relies, does not dispense with the requirement of 154 that the reasons for the claimed pleading deficiency be specified in the motion itself.
King v. Board of Education, 195 Conn. 90, 94 n. 4, 486 A.2d 1111
(1985).
The defendants' motion to strike is inadequate pursuant to Practice Book 154. However, because the plaintiff's objection to the motion to strike, dated September 13, 1993, failed to object to the form of the motion and because of the nonjurisdictional nature of 154, the court may, in its discretion, decide the motion to strike based on the supporting memorandum of law.
"[A motion to strike] admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). "In considering the ruling upon the motion to strike, we are limited to the facts alleged in the complaint." King v. Board of Education, 195 Conn. 90, 93486 A.2d 1111 (1985). Further, the court must construe the facts alleged in the pleadings most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book 152.
A. Motion to Strike Count Three
Defendants Amici's, Inc. and George Ricciardi move to strike count three of plaintiff's complaint on the ground of legal insufficiency in that Connecticut's Dram Shop Act, General Statutes 30-102, does not permit relief for a person who becomes intoxicated and as a result injures himself. The statute provides:
 If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication, CT Page 9803 thereafter injures the person or property of another, such seller shall pay just damages to the person injured . . .
General Statutes 30-102.
 Where the meaning of the statute is clear and the language unambiguous, the enactment speaks for itself and there is no room for construction by the court. . . . A statute should not be interpreted in any way to thwart its purpose. . . . The purpose of the statute is to protect the public at large from the tortious conduct committed by an intoxicated person who was served intoxicating liquor by a tavern owner while in an intoxicated state. . . . Courts may not, by construction, read into a statute provisions not clearly expressed therein. (Citations omitted)
Passini v. Decker, 39 Conn. Sup. 20, 22-23 (Super.Ct. 1983).
 [T]he legislative intent . . . is found not in what the legislature meant to say, but in the meaning of what it did say. . . . If the legislature intended so to limit the statute, it would have been easy so to provide by including the intoxicated person himself within the ambit of the act if it desired to do so.
Id., 23-24, citing Nolan v. Morelli, 154 Conn. 432, 438-39,226 A.2d 383 (1967).
 Since its origin in 1872 the long-established purpose of the dram shop act has been to vest a cause of action in a third party, injured by an intoxicated person, against a liquor retainer upon proof that there was (1) a sale of intoxicating liquor (2) to an intoxicated person (3) who, in consequence of such intoxication, caused injury to a third CT Page 9804 party's person or property . . . Connecticut's dram shop act does not authorize relief for injuries or damage sustained by the intoxicated party. (Emphasis added).
Sanders v. Officers' Club of Connecticut, Inc., 35 Conn. Sup. 91,93-94 (Super.Ct. 1978).
In her objection to the defendants' motion to strike, plaintiff argues that a cause of action under Connecticut's Dram Shop Act may be brought on behalf of the injured intoxicated party. To support this assertion, plaintiff cites Ely v. Murphy, 207 Conn. 88, 540 A.2d 54 (1988). In Ely, parents of the deceased brought action against the adult who furnished alcohol to minors at a high school graduation party. An intoxicated teenager who had been served alcohol at the party fatally injured plaintiff's son, thereafter.
The issues in Ely do not involve the Dram Shop Act. Rather, the decision in Ely creates a limited exception to the common law rule with regard to the liability of social hosts who serve liquor to minors. The exception created by Ely with regard to social host liability, is not applicable to the present action which was brought pursuant to the Dram Shop Act. The Dram Shop Act does not allow relief for injury caused to the intoxicated person himself. The defendant Amici's Inc. and George Ricciardi's motion to strike count three of plaintiff's complaint is granted.
B. Motion to Strike Count Four
Defendants Amici's Inc. and George Ricciardi move to strike count four of plaintiff's complaint on the ground that because decedent's claim under the Dram Shop Act must be stricken, plaintiff's derivative claim for loss of consortium must also fail.
A loss of consortium claim is derivative of the injured spouse's cause of action and depends upon the legal viability of the cause of action of the injured spouse. Champagne v. Raybestos-Manhattan, Inc., 212 Conn. 509, 556, 562 A.2d 1100
(1989); Hopson v. St. Mary's Hospital, 176 Conn. 485, 494, 496,408 A.2d 260 (1979).
In the present case, the cause of action of plaintiff's CT Page 9805 decedent is legally insufficient to state a claim upon which relief may be granted. Therefore, since the motion to strike the injured spouse's cause of action is granted, the motion to strike plaintiff's claim for loss of consortium must also be granted because her claim is derivative to the failed claim of her spouse.
Plaintiff Donna Savio's objection to defendants' motion to strike is overruled. The defendants Amici's Inc. and George Ricciardi's motion to strike counts three and four of plaintiff's complaint are granted because count three does not state a cause of action under Connecticut's Dram Shop Act, and count four is derivative to count three and therefore cannot be maintained independently.
SYLVESTER, J.