[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Dana Lee, alleges in her three count amended complaint that, on July 10, 1996, the defendant, the Splash Pacific Rim Grille, sold intoxicating liquor to Lee while she was visibly and obviously intoxicated. It further alleges, that on that date, at approximately 10:45 p. m., Lee exited the Grille while intoxicated, entered her car, and was subsequently injured in a one-car motor vehicle accident, sustaining personal injuries, damage to her motor vehicle, and loss of her ability to pursue her normal course of employment.
The plaintiff, in count one of the complaint, claims that the Grille was negligent in not properly supervising and training its employees in regard to serving intoxicating liquor to those who are visibly and obviously intoxicated. In count two, the plaintiff claims that the Grille was wanton and reckless in continuously serving liquor to Lee when she was visibly and obviously intoxicated. The plaintiff claims in the third count of the complaint, the subject of this motion that the Grille is strictly liable under General Statutes § 30-102, the Dram Shop Act, for her injuries resulting from her state of intoxication from liquor sold to her by the Grille when she was visibly and obviously intoxicated. The plaintiff requests compensatory damages for her personal injuries in excess of the sum of fifteen thousand dollars. On June 6, 1997, the defendant filed a motion to dismiss and a supporting memorandum. The defendant moves to dismiss count three of the plaintiff's complaint on the ground that the plaintiff has no standing to bring a complaint under General Statutes § 30-102, and, therefore, the court does not have subject matter jurisdiction to hear this matter. The defendant contends that the plaintiff is not a member of the class for whose protection the statute is intended, and, thus, has no standing to bring an action before the court under the statute. On June 27, 1997, the plaintiff filed a memorandum in opposition to the motion arguing that: 1) the motion to dismiss should be denied on its face as it is the improper vehicle to raise a question of the legal sufficiency of a cause of action, and the defendant should have raised a challenge through a motion to strike; and 2) count three states a CT Page 11240 legally sufficient cause of action under § 30-102.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong."Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996). "Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Id. "[T]he question of standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings."Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821
(1996). "When standing is put in issue, the question is whether the person whose standing is challenged is a proper party to request an adjudication of the issue and not whether the controversy is otherwise justiciable, or whether, on the merits, the plaintiff has a legally protected interest that the defendant's action has invaded." Berlin v. Santaguida,181 Conn. 421, 423-24, 435 A.2d 980 (1980).
General Statutes § 30-102, the Dram Shop Act, states in relevant part: "If any person, by himself or his agent, sells any alcoholic liquor to an intoxicated person, and such purchaser, in consequence of such intoxication thereafter injures the person or property of another, such seller shall pay just damages to the person injured . . . ."
The defendant argues that the plaintiff does not qualify as a "person injured" under § 30-102. The defendant argues that the Act, on its face, restricts actions brought under its provisions to "another" person, a third party injured by the intoxicated person, giving no right of action to the intoxicated person herself. The defendant further argues that the language is clear and explicit whereby the Legislature established a firm public policy not to reward the intoxicated person for her misconduct and participation in causing her own injuries. Thus, as a person not in the class protected by the statute, CT Page 11241 specifically a third party injured by the intoxicated person, the plaintiff lacks standing to bring the action in the third count.
The plaintiff responds with two arguments. The first argument is that the defendant's motion to dismiss is in actuality a challenge to the legal sufficiency of the claim and is, therefore, procedurally improper. The plaintiff argues that a challenge to the third count should be brought under a motion to strike, which is the proper mechanism for challenging alleged deficiencies in a complaint, giving the party whose pleading is stricken an opportunity to replead in order to avoid a harsh result. The plaintiff's second argument is that the third count sets forth a legally sufficient cause of action under the statute.
In response to the plaintiff's first argument, General Statutes § 30-102 "clearly does not authorize recovery [against the seller of intoxicating liquor] for injuries or property damage sustained by the intoxicated purchaser himself."Nolan v. Morelli, 154 Conn. 432, 436, 226 A.2d 383 (1967). "Where the meaning of the statute is clear and the language unambiguous, the enactment speaks for itself and there is no room for construction by the court . . . . A statute should not be interpreted in any way to thwart its purpose . . . . The purpose of the statute [§ 30-102] is to protect the public at large from tortious conduct committed by an intoxicated person who was served intoxicating liquor by a tavern owner while in an intoxicated state . . . . Courts may not by construction, read into a statute provisions not clearly expressed herein." Savio v.Dean's, Inc., Superior Court, judicial district of Waterbury, Docket No. 115878 (November 10, 1993) (Sylvester, J.), quotingPassini v. Decker, 39 Conn. Sup. 20, 23, 467 A.2d 442 (1983). "A statute, therefore, should be applied as its language directs."Passini v. Decker, supra, 39 Conn. Sup. 23. [T]he legislative intent . . . is found not in what the legislature meant to say, but in the meaning of what it did say." Id. "The legislature has determined that a vendor of liquor should bear the loss for damages to third persons as a result of sales of liquor to intoxicated persons." Id., 24-25.
"The underlying premise of the dram shop statute is that it is in the public interest to compensate citizens of this state for injuries received when a vendor sells alcohol to an intoxicated person who in turn brings about injuries as a result of such intoxication." Kowal v. Hofher, 181 Conn. 355, 358, CT Page 11242436 A.2d 1 (1980). "Since its origin in 1872 the long-established purpose of the dram shop act has been to vest a cause of action in a third party, injured by an intoxicated person, against a liquor retailer." Sanders v. Officer's Club of Connecticut, Inc.,35 Conn. Sup. 91, 93-94, 397 A.2d 122 (1978). "Connecticut's dram shop act does not authorize relief for injuries or damage sustained by the intoxicated party." Id., 94. "By its express terms, the Act authorizes a recovery, where its conditions are fulfilled, by one injured in person or property as a consequence of the intoxication of another person to whom intoxicating liquor has been sold while he was intoxicated, but it clearly does not authorize recovery for injuries or property damage sustained by the intoxicated purchaser himself." Nolan v. Morelli, supra,154 Conn. 432, 435-36; see Lavieri v. Ulysses, 149 Conn. 396, 400,180 A.2d 632; Pierce v. Albanese, 144 Conn. 241, 250,129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S.Ct. 36, 2 L.Ed.2d 21;Keson v. Unkel, Superior Court, judicial district of Danbury at Danbury, Docket No. 311300 (April 13, 1994) (Moraghan, J.) (9 C.S.C.R. 479); Sanders v. Officers' Club of Connecticut, Inc.,
35 Conn. Sup., supra 93-94; Vichiola v. Aitken, Superior court, judicial district of Fairfield at Bridgeport, Docket No. 308350 (July 21, 1994) (Freedman, J.) (12 CONN. L. RPTR. 201, 9 C.S.C.R. 865). "[In] this long period of over ninety years [since original adoption of the Act], the General Assembly, despite . . . significant changes, has remained constant in limiting the statutory right of recovery to persons other than the intoxicated person himself. It would have been an extremely simple matter for the General Assembly to have inserted in the present statute, for instance, after the words `the person or property of,' the words `himself or,' so that the Act would cover injuries to the person or property of the intoxicated person himself as well as to the person or property of another. Had something along this line been done, the statute would have been available to the intoxicated person himself. [T]his [is a] persistent exclusion, for nearly a century, of the intoxicated person himself from any right of recovery under the Act . . . ." Nolan v. Morelli, supra, 154 Conn. 438-39. "To recompense in damages an injury to an intoxicated person or his property resulting from his own overindulgence in intoxicating liquor might, quite properly, be felt by the General Assembly to encourage, rather than to discourage, such overindulgence." Id., 440.
"The right to maintain this type of action [under §30-102] is granted by statute only, and that right, thus created, is limited by the express terms and conditions of the statute itself CT Page 11243 and cannot be extended by this court." Stevenson v. Edwards,25 Conn. Sup. 1, 2, 195 A.2d 252 (1963), citing Crocker v. Hartford,66 Conn. 387, 390, 34 A.2d 98 (1895). "In order to base a recovery upon . . . violation of a statute, it must appear that the injury suffered was of a nature which the statute was intended to guard against . . . . It is extremely doubtful if these provisions in our Liquor Control Act were intended to guard an intoxicated person from personal injury. Rather, they were passed in pursuance of a broader public policy for the protection of the public at large." (Citation omitted.) Noonan v. Galick,19 Conn. Sup. 308, 310, 112 A.2d 892 (1955) "[O]ur legislature has enacted a provision creating a remedy against the seller of liquor to an intoxicated person in favor of one whom the latter has injured . . . . Had it desired to extend this remedy . . . to the intoxicated person himself, it would have done so in this statute." (citation omitted.) Id., 311. "The statute did not give a right of action against the seller to such intoxicated person for injury sustained while he was intoxicated. The statute does not so provide. Whether such a provision should be embodied in our statute is within the province of the legislature, not the courts." (Internal quotation marks omitted.) Id.
"The plaintiff, as the intoxicated purchaser, cannot assert a claim against the defendants for his injuries pursuant to General Statutes § 30-102." Vichiola v. Aitken, supra, Superior Court, Docket No. 115878. "Since the [plaintiff] was the intoxicated person in this case, . . . he himself had no right of action under the Act." Nolan v. Morelli, supra, 154 Conn. 432,436. If a plaintiff cannot establish that its claimed injury is protected by the governing statute, then he does not have standing to raise claimed violations of that statute. UnitedCable Telephone Service v. Dept. of Public Utilities,235 Conn. 334, 349, 663 A.2d 1011 (1995). The plaintiff has not offered proof that she is a proper party to seek relief under the statute.
The defendant's motion to dismiss on the grounds of lack of subject matter jurisdiction for lack of standing is the appropriate motion before the court. The plaintiff, as the intoxicated party, is not within the class of persons protected by the statute, therefore she lacks standing to bring a cause of action for remedies under § 30-102. Thus, the motion to dismiss is granted.
In response to the plaintiff's second argument that the CT Page 11244 pleading in count three of, the complaint is sufficient, the question does not arise once there is a determination that the court does not have jurisdiction. However, assuming arguendo, that the motion to dismiss was inappropriate, and the court entertained the present motion as a motion to strike for legal insufficiency, the motion to strike similarly should be granted.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 244 Conn. 210, 214-15,618 A.2d 25 (1992). "The motion to strike . . . admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432
(1989). "In reviewing the granting of a motion to strike, we construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "[A] trial court must take the facts to be those alleged in the complaint . . . ."Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348,576 A.2d 149 (1990).
The plaintiff here states in the facts of her pleadings that she is the intoxicated party and brings suit for her own injuries. Nowhere in the facts does she allege that the injuries are to another, a third party, as a result of her intoxication. Thus, the plaintiff fails to meet one of the elements set forth in § 30-102, namely the requirement to show injury to "the person or property of another." As set forth above, the intoxicated party does not satisfy this element.
The plaintiff argues that "it seems perverse to hold a seller liable only when the intoxicated person happens to injure someone else." Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss, p. 6. Thus, the plaintiff should be allowed a cause of action for injuries sustained after the vendor allegedly continued to serve her liquor when she was visibly and obviously intoxicated. However, as previously discussed, the case law interpreting § 30-102 reveals that there is specific legislative intent to limit recovery only to those innocent persons injured by an intoxicated party, and only the legislature, not the courts, has the authority to extend this class protected by the statute. Nolan v. Morelli, supra,154 Conn. 438-40; Stevenson v. Edwards, supra, 25 Conn. Sup. 2; see also Noonan v. Galick, supra, 19 Conn. Sup. 308 (where a demurrer by the defendant was sustained on the grounds that the CT Page 11245 intoxicated party did not have a right of action under § 30-102
against the vendor for his injuries); Nolan v. Morelli,supra, 154 Conn. 436 (demurrer sustained where plaintiff was the injured intoxicated party seeking remedy under § 30-102). Therefore, the plaintiff fails to meet the element of the protected person under the statute. Thus, a motion to strike for insufficiency also would be granted.
Accordingly, the motion to dismiss count three of the plaintiff's complaint is granted.
Zoarski, J. Judge Trial Referee